763 S.E.2d 341

**In the Matter of Robert G. HOWE, Respondent.**

**Appellate Case No. 2014–001875.**

**Appellate Case No. 2014–001876.**

Supreme Court of South Carolina.

Sept. 5, 2014.

## ORDER

JEAN H. TOAL, C.J.

The Office of Disciplinary Counsel petitions the Court to transfer respondent to incapacity inactive status pursuant to Rule 28 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). The petition also seeks appointment of the Receiver, Peyre T. Lumpkin, and the appointment of attorneys to assist the Receiver pursuant to Rule 31, RLDE. Respondent consents to the issuance of an order transferring him to incapacity inactive status and to the appointment of the Receiver and attorneys to assist the Receiver.

IT IS ORDERED that respondent is transferred to incapacity inactive status until further order of this Court.

Respondent is hereby enjoined from taking any action regarding any trust, escrow, operating, and any other law office account(s) respondent may maintain at any bank or other financial institution, including, but not limited to, making any withdrawal or transfer, or writing any check or other instrument on the account(s).

IT IS FURTHER ORDERED that Mr. Lumpkin is hereby appointed to assume responsibility for respondent's client files, trust account(s), escrow account(s), operating account(s), and any other law office account(s) respondent may maintain. Mr. Lumpkin shall take action as required by Rule 31, RLDE, Rule 413, SCACR, to protect the interests of respondent's clients. Mr. Lumpkin may make disbursements from respondent's trust account(s), escrow account(s), operating account(s), and any other law office account(s) respondent may maintain that are necessary to effectuate this appointment. Respondent shall promptly respond to Mr. Lumpkin's requests for information and/or documentation and shall fully cooperate with Mr. Lumpkin in all other respects.

Further, this Order, when served on any bank or other financial institution maintaining trust, escrow, operating, and/or any other law account(s) of respondent, shall serve as notice to the bank or other financial institution that Peyre T. Lumpkin has been duly appointed by this Court and that respondent is enjoined from making withdrawals or transfers from or writing any check or other instrument on any of the account(s).

Finally, this Order, when served on any office of the United States Postal Service, shall serve as notice that the Receiver, Peyre T. Lumpkin, Esquire, has been duly appointed by this Court and has the authority to receive respondent's mail and the authority to direct that respondent's mail be delivered to Mr. Lumpkin's office.

The Court appoints Donald H. Howe, Sr., Esquire, and James Kevin Holmes, Esquire, to assist the Receiver in performing the duties imposed by Rule 31, RLDE.

The appointments shall be for a period of no longer than nine months unless an extension of the period of the appointments is requested.