# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of John A. Jackson, Respondent.

Appellate Case No. 2021-000023

Opinion No. 28022
Submitted April 1, 2021 – Filed April 21, 2021

## DISBARRED

Disciplinary Counsel John S. Nichols and Senior
Assistant Disciplinary Counsel C. Tex Davis, Jr., both of
Columbia, for the Office of Disciplinary Counsel.

John A. Jackson, of Myrtle Beach, Pro Se.

**PER CURIAM:** In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR). In the Agreement, Respondent admits misconduct, consents to a
sanction ranging from a two-year definite suspension to disbarment, agrees to pay
costs, and requests that any sanction be made retroactive to the date of his interim
suspension. We accept the Agreement and disbar Respondent from the practice of
law in this state. The facts, as set forth in the Agreement, are as follows.

## I.

## Matter A

Client A retained Respondent in October 2011 to collect a civil judgment owed to
her from injuries she suffered in an automobile accident. Client A paid

Respondent a $1,800 retainer fee. Respondent failed to respond to several messages left by Client A seeking an update on her case. Respondent represents that he was able to domesticate the judgment in Virginia, where the defendant had relocated. However, Respondent was unable to effectuate service on the defendant. Ultimately, Respondent informed Client A that he did not believe he could accomplish the service for which he had already been paid. Respondent advised Client A to seek new counsel. Respondent admits he then stopped responding to Client A's repeated calls.

Client A filed a claim against Respondent with the Resolution of Fee Disputes Board (the Board). On December 4, 2013, the Board issued a Certificate of Non-Compliance against Respondent and a judgment in favor of Client A for $1,800. The Lawyer's Fund for Client Protection issued payment of $1,800 to Client A on October 30, 2014.

On August 23, 2014, Respondent was served with a subpoena to produce documents and to appear for an on-the-record interview with Disciplinary Counsel on September 24, 2014. Respondent failed to appear for the interview or produce the subpoenaed documents. As a result, Respondent was placed on interim suspension on October 2, 2014. *In re Jackson*, 410 S.C. 161, 763 S.E.2d 813 (2014).

Respondent admits his conduct in this matter violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (diligence); Rule 1.4 (communication); Rule 1.15 (failure to refund unearned fees); Rule 8.1(b) (failure to respond to ODC inquiry); and Rule 8.4(e) (conduct prejudicial to the administration of justice).

**Matter B**

Client B was incarcerated with the South Carolina Department of Corrections. Respondent was appointed to represent Client B in a civil action against the Department of Corrections. Respondent was able to obtain a $4,500 settlement for Client B. Respondent represents that Client B did not want to deposit the settlement monies into his prison account. Respondent advised Client B that Client B could execute a Power of Attorney to designate someone to take possession of the settlement monies. Respondent provided Client B with a Power of Attorney

form, which Client B returned to Respondent. Respondent failed to respond to repeated calls from Client B seeking an update on his case. Respondent acknowledges that he failed to maintain Client B's settlement monies in his trust account and that he used Client B's settlement monies for his own benefit.

Client B filed a claim with the Board. On April 22, 2014, the Board issued a Certificate of Non-Compliance against Lawyer and a judgment in favor of Client B in the amount of $4,500. The Lawyer's Fund for Client Protection issued payment of $4,500 to Client B on February 16, 2015.

Respondent admits his conduct in this matter violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (diligence); Rule 1.4 (communication); Rule 1.15 (failure to safeguard client funds); and Rule 8.4(e) (conduct prejudicial to the administration of justice).

## Matter C

Complainant is a medical provider who provided service for five of Respondent's clients. Complainant had valid Letters of Protection for each of these patients. Complainant sent several letters to Respondent seeking an update on each of the cases. Respondent failed to respond to Complainant. After a disciplinary complaint was filed, Respondent provided an update to Complainant. Respondent informed Complainant that four of the cases were still pending or the clients had sought other legal representation. Respondent acknowledged that with the remaining case, Respondent owed Complainant $4,230. Respondent acknowledged that he had used the settlement monies for his own benefit. Respondent offered to repay Complainant via a payment plan over a five month period. Respondent made one payment to Complainant of $1,000. Respondent has made no further payments to Complainant. Respondent acknowledges he still owes Complainant $3,230.

Respondent admits his conduct in this matter violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.15 (failure to safeguard funds); 4.4(a) (respect for rights of third persons); and Rule 8.4(e) (conduct prejudicial to the administration of justice).

## Matter D

Respondent was found in civil contempt by an order filed June 12, 2013, in a family court matter. The family court found that Respondent owed a child support arrearage of $1,875, that Respondent's failure to make child support payments as willful, and that Respondent had the ability to make the payments when due. The family court ordered Respondent to report to the Charleston County Detention Center in thirty days; however, Respondent could purge himself of contempt if payment in full was made. Respondent acknowledges that, with the financial assistance of his parents, he was able to make full payment for his child support arrearage. Respondent admits his conduct in this matter violated Rule 8.4(e), RPC, Rule 407, SCACR (conduct prejudicial to the administration of justice).

## II.

Respondent admits that his conduct constitutes grounds for discipline under the following Rules for Lawyer Disciplinary Enforcement in Rule 413, SCACR: Rule 7(a)(1) (violation of the Rules of Professional Conduct); Rule 7(a)(3) (willful failure to respond and to appear as directed in a disciplinary proceeding); Rule 7(a)(5) (conduct tending to pollute the administration of justice); and Rule 7(a)(10) (willful failure to comply with a final decision of the Resolution of Fee Disputes Board).

Respondent also agrees that within thirty days of the imposition of discipline, he will enter into a payment plan with the Commission on Lawyer Conduct (Commission) to repay the Complainant in Matter C the amount of $3,230, to reimburse the Lawyers' Fund for Client Protection, and to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission. As a condition of discipline Respondent also agrees to complete the Legal Ethics and Practice Program Ethics School and Trust Account School prior to reinstatement.

## III.

We accept the Agreement and disbar Respondent from the practice of law in this state, retroactive to the date of his interim suspension. Within fifteen days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR, and he shall also surrender his Certificate of Admission to the Practice of Law to the Clerk

of Court.  Within thirty days of the date of this opinion, Respondent shall enter into a payment plan with the Commission to repay the Complainant in Matter C the amount of $3,230, to reimburse the Lawyers' Fund for Client Protection for claims paid, and to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission.  Prior to petitioning for reinstatement, Respondent shall complete the Legal Ethics and Practice Program Ethics School and Trust Account School.

**DISBARRED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**